IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DISABLED PATRIOTS OF AMERICA, INC., et al., | CASE NO.: 1:07 CV 2363 |
| Plaintiffs, | |
| v. | JUDGE DONALD C. NUGENT |
| CHAGRIN RETAIL, LLC, | |
| Defendants. | MEMORANDUM OPINION AND ORDER |

This matter is before the Court on Defendant, Chagrin Retail, LLC's ("Chagrin") Motion to Dismiss, or in the alternative, Motion for More Definite Statement. (ECF #9). Plaintiffs filed a motion in response and the Chagrin filed a reply in support of its motion. (ECF # 11, 13). After careful consideration of the briefs and a review of all relevant authority, Defendant's motion to dismiss or for more definite statement is DENIED.

**FACTS AND PROCEDURAL HISTORY**[1]

---

[1] In accordance with the applicable standards on a motion to dismiss, the facts in the

The Complaint alleges that Bonnie Kramer, a member of the non-profit corporation, Disabled Patriots of America, Inc., is disabled as defined by the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and uses a wheelchair for mobility purposes. Ms. Kramer is a "tester" who personally visits public accommodations and seeks out barriers that she believes violate the ADA. If such barriers are found, Ms. Kramer initiates legal proceedings. (Complaint ¶¶ 2 - 4).

In this case, Ms. Kramer claims that she attempted to access the facility known as Chagrin Retail, LLC but that she was unable to do so because there were barriers to access, dangerous conditions, and other alleged ADA violations that precluded or limited her access to the facilities and/or to the goods and services offered therein. (Complaint ¶13). The Complaint contains a more detailed list of alleged violations relating to the parking, entrances, paths of travel, counter heights, seating, and restrooms, (Complaint ¶ 16), but it does not specify when Ms. Kramer encountered the alleged violations or where within the facility the alleged violations were found.

**STANDARD OF REVIEW**

A motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6) allows a defendant to test the legal sufficiency of a complaint without being subject to discovery. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003). In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favor of the plaintiff. *See*

---

Complaint have been taken as true for purposes of this opinion.

*Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The court will not, however, accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000).

In order to survive a motion to dismiss, a complaint must provide the grounds for the entitlement to relief, which requires more than labels, conclusions, or a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). In other words,"[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted); *see also, Association of Cleveland Fire Fighters v. City of Cleveland*, No. 06-3823, 2007 WL 2768285, at *2 (6th Cir. Sept. 25, 2007) (recognizing that the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)"). Accordingly, the claims set forth in a complaint must be plausible, rather than conceivable. *See Twombly*, 127 S. Ct. at 1974.

"If, on a motion for judgment on the pleadings, matters outside the pleadings are presented and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. Civ. R. 12(b). There are some exceptions to this rule, however. For example, matters of public record, judicial orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001). This includes information obtained from state court proceedings. *See*, *Scarso v. Cuyahoga County Dept. Of Human Services*, 1990 U.S. App. LEXIS 19728 (6th Cir. 1990), citing *Rodic v.*

*Thistledown Racing Club, Inc.*, 615 F.2d 736 (6th Cir. 1980). Courts may also consider extrinsic materials which "merely fill in the contours and details" and which add nothing new, without converting a motion to dismiss to one for summary judgment. *Yeary v. Goodwill Indus.-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997). In this action, Defendants Mr. Kleinman and McDonald Hopkins have requested that this Court take judicial notice of the records of the Cuyahoga County Court of Common Pleas, Case Nos. CR-04-451451 and 06CV597010. Plaintiff offered no objection to this request and it is therefore, granted.

## **ANALYSIS**

Looking at the face of the Complaint, it appears to provide sufficient factual allegations to state grounds for an entitlement to relief. The Complaint, though not specific as to the where and when of the alleged violations, still identifies with some degree of specificity the types of alleged violations at issue. There also appears to be no contention that if the alleged violations do exist, the Plaintiffs would be entitled to some type of legal relief. Still, the Court is sympathetic to the Defendant's position, and is mindful of the difficulties that the lack of detail in this Complaint may create.

Chagrin claims in its Motion to Dismiss that its building or complex is very large with multiple stairways, bathrooms and other facilities, and that it is impossible to tell from the Complaint which of these are alleged to be in violation of the ADA. Further, Chagrin claims that it has recently invested significant time and money into the correction of potential violations, and that absent an identified time period, it cannot accurately answer whether the violations alleged in the Complaint may have existed when Ms. Kramer visited the property. Under the present

law, however, ADA claims are simply not subject to a specificity requirement that would require the additional detail sought by the Defendant at this time.

Although a more detailed description of the alleged violations is highly encouraged and could potentially save both parties and the Court a great deal of time and expense, the missing details are ultimately issues that can be directly addressed through early discovery.  If through the course of discovery, the Plaintiffs are not able to provide specific details, including the time period(s) in which Ms. Kramer encountered the alleged violations, and the specific location and/or description of the alleged violations, a defense motion for summary judgment may merit very serious consideration.  However, under the current dismissal standard, the Complaint does sufficiently state a claim upon which relief could be granted.  Further, in so far as Chagrin has already commented that it believes itself to be fully ADA compliant at this time, and has already identified possible affirmative defenses to the claims raised, it appears that they should be able to frame an answer to the Complaint, as written, without much difficulty.

## **CONCLUSION**

For the reasons set forth above, the Defendant's Motion to Dismiss, or in the alternative, Motion for More Definite Statement (ECF #9) is hereby DENIED.  IT IS SO ORDERED.

    S/Donald C. Nugent  
Judge Donald C. Nugent  
United States District Judge

Date:   December 13, 2007