IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DISABLED PATRIOTS OF AMERICA, INC., et a., | ) ) ) | CASE NO. 1:07 CV 2363 |
| Plaintiffs, | ) ) | |
| v. | ) ) | JUDGE DONALD C. NUGENT |
| CHAGRIN RETAIL, LLC, | ) ) | |
| Defendant. | ) ) ) ) | MEMORANDUM OPINION AND ORDER |

This matter is before the Court on Defendant's Motion to exclude the report of Plaintiffs' Expert Witness, which was offered in support of their Response to Defendant's Motion to Dismiss and/or for Summary Judgment. (ECF #30, 31). Defendant Chagrin Retail, LLC has requested that this Court exclude the report pursuant to Federal Rules of Civil Procedure 16(f) and 34 because the report allegedly violates this Court's discovery order, Fed. R. Civ. P. 34, and Fed. R. Civ. P. 56. Plaintiffs, Disabled Patriots of America Inc. and Bonnie Kramer ("Disabled Patriots") filed an amended Response on the same date Defendant's motion was filed, and subsequently filed a supplemental version of the expert report, which included a signature page

with David Pedraza's signature and his statement adopting the report. (ECF #32, 35). The Defendant filed a reply. (ECF #37). Having reviewed all submissions by the parties, all prior orders of this Court, and the applicable Federal Rules of Civil Procedure, the Court finds that the motion is well-taken and Mr. Pedraza's report should be stricken from the Plaintiffs' Response to the Motion to Dismiss/Summary Judgment Motion.

    A. <u>Federal Rule of Civil Procedure 26(a)(2)</u>.

Federal Rule of Civil Procedure 26(a)(2) requires a party to disclose the identity of any expert it plans to use at trial, along with a written report, prepared and signed by the expert, at the time (and in the sequence) ordered by the court. Fed. R. Civ. P. 26(a)(2)(A), (B), and (C). Pursuant to this rule, the expert report must contain not only a statement of all opinions held by the expert witness and his reasons for them, but also all information considered by the witness, the witness's qualifications (including all publications authored in the prior ten years), a list of all other cases the witness testified in during the last four years, and a statement of compensation to be paid for the study and testimony in this case. Fed. R. Civ. P. 26(a)(2)(B). The Court, in this case designated June 23, 2008 as the last date on which the Plaintiff's report could be disclosed. (ECF #24). Defendant questions whether the report was timely disclosed, claiming that it did not receive the report until June 27, 2008, and that there was no mailing date on the post-marked envelope. Plaintiffs state that Defendant received the report on June 23, 2008. Neither party has submitted an affidavit to support their position.

It is clear, however, that the report originally provided, even if timely, did not meet the requirements of Fed. R. Civ. P. 26(a). The report was not signed, did not indicate who prepared it, and did not disclose the information upon which it relied. In addition, Defendant claims, and

Plaintiffs have not refuted, that the report was not accompanied by Mr. Pedraza's qualifications, a list of his publications, a list of cases he has testified in, or the amount of money he was to receive as compensation for his report and testimony – all of which were required disclosures due on or before June 23, 2008.[1]

After Defendants filed their motion to strike, and with full knowledge of all of the objections Defendants had to the report, Plaintiffs filed a supplemental copy on August 4, 2008. The supplemental report added pictures which appear to be from the facility at issue, a page which said that the report was conducted by David Pedraza, and a statement signed by Mr. Pedraza stating: "I hereby adopt this report as set forth fully herein and testify to the accuracy of its findings and recommendations."  However, the added signature page was not certified, notarized, or otherwise sworn.  In addition, the report still does not identify the information upon which it relied (i.e., does not state whether Mr. Pedroza, Ms. Kramer, or some other individual actually inspected or entered upon the property, or how the information about the site was otherwise attained.), and there is no indication that Mr. Pedroza's qualifications were disclosed via CV or otherwise.  There is also no indication that Plaintiffs even attempted to cure the other deficiencies mentioned above so that the report would satisfy the requirements of Fed. R. Civ. P. 26(a)(2)(B).

It is as obvious that Plaintiffs failed to meet their burden under Fed. R. Civ. P. 26(a)(2) as it is baffling as to why, considering that the rule clearly sets forth the disclosure requirements;

---

[1] Footnote 2 of the Memorandum in Support of Defendant's Motion to Strike and/or Exclude the Unsigned Report of Plaintiffs' Unnamed Expert indicates that the expert is not identified in the report, it was unsigned, does not include a curriculum vitae, "or any other material for their unidentified expert."

and, that they were provided clear notice of the deficiencies before the supplemental report was filed. Regardless of the reasons why, however, the expert report does not meet the requirements for disclosure of an expert report under the federal rules, and cannot be used in support of the Plaintiffs' case. Further, as the deadline for disclosure is now long past, and the Court had previously made it very clear that there would be no more extensions of the discovery deadlines, this report can no longer be amended or supplemented to bring it in line with the requirements of Fed. R. Civ. P. 26(a)(2). The report, is therefore, stricken from Plaintiffs' Response to Defendant's Motion To Dismiss or For Summary Judgment.

### B. Federal Rule of Civil Procedure 56

Even if the Plaintiffs' expert report had satisfied the requirements of Fed. R. Civ. P. 26(a)(2), it would not be admissible as evidence in support of "Plaintiffs' Response to Defendant's Motion To Dismiss or For Summary Judgment (D.E. 29)(Amended)." Federal Rule of Civil Procedure 56(e) requires an opposing party to support its response to a summary judgment motion with affidavits (or as otherwise provided by the rule). Affidavits must be based on personal knowledge and must attest to the affiant's competence to testify on the stated matters. It also provides that papers submitted in support of an affidavit must be sworn or certified copies. Plaintiffs did not submit an affidavit from their expert, David Pedraza (or anyone else). Nor did they submit any evidence or documentation of his competency or qualifications as an expert. There were no deposition transcripts, answers to interrogatories, or other affidavits submitted to supplement the expert report, and even the supplemental signed report, filed after the original submission, was not a sworn or certified copy.

For the reasons set forth above, this Court finds that Plaintiffs' expert report, submitted as

an exhibit to "Plaintiffs' Response to Defendant's Motion To Dismiss or For Summary Judgment (D.E. 29)(Amended)," does not meet the procedural or evidentiary requirements necessary for its consideration as evidence in support of Plaintiffs' position.  The report violates Federal Rules of Civil Procedure 26(a)(2) and 56(e), and as such, it is hereby stricken.  IT IS SO ORDERED.

       /s/Donald C. Nugent
      DONALD C. NUGENT
      United States District Judge

DATED: September 24, 2008